FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

## IN THE DISTRICT COURT FOR CANADIAN COUNTY
## STATE OF OKLAHOMA

OCT 13 2020

BY
DEPUTY

| | | |
|---|---|---|
| HERITAGE RESOURCES - NONOP, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Case No. CJ 2020 - 501 |
| MARATHON OIL COMPANY, | ) ) | |
| Defendant. | ) ) | CASE ASSIGNED TO: |

### PETITION

JUDGE: PAUL HESSE

Plaintiff, Heritage Resources – NonOp. LLC ("Heritage"). for its claims for relief against Defendant, Marathon Oil Company. ("Marathon"). alleges and states as follows:

### THE PARTIES, JURISDICTION & VENUE

1.       Heritage is an Oklahoma limited liability company with its principal place of business in Oklahoma County, Oklahoma.

2.       Defendant Marathon Oil Company ("Marathon") is a foreign corporation that conducts significant business in the State of Oklahoma. and owns property and does business specifically in Canadian County, Oklahoma.

3.       The property. which is the subject of this action. is located in several counties within the State of Oklahoma. including Canadian County.

4.       This Court has jurisdiction over this matter because property at issue is located within Canadian County, Oklahoma.

5.       Venue is proper in this Court pursuant to 12 O.S. § 131.

6.       The amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

EXHIBIT
1

## FACTUAL BACKGROUND

7.      Plaintiff adopts and incorporates the preceding paragraphs as if fully restated herein.

8.      Marathon is the operator of the oil and gas wells set forth on Exhibit A. attached to this Petition (collectively, the "Subject Wells").

9.      Heritage owns an interest in Subject Wells.

10.     Heritage has made payments to Marathon for its proportionate share of well costs in the Subject Wells.

11.     Marathon has failed and refused to make proper payments to Heritage for its proportionate share of production of oil and/or gas from the Subject Wells. despite Heritage's demand.

12.     Marathon has failed and refused to properly credit to Heritage's account the payments made by Heritage to Marathon for its proportionate share of well costs in the Subject Wells, resulting in Marathon withholding revenue otherwise due and owing to Heritage, despite Heritage's demand.

13.     Marathon has failed and refused to properly account to Heritage for all revenue attributable to Heritage's interest in the Subject Wells that it has improperly withheld, resulting in underpayment of revenue to Heritage.

14.     Despite Marathon's withholding of revenue due and owing to Heritage, Marathon continues to demand further payment from Heritage, without support.

15.     Heritage has made numerous attempts to cooperate with Marathon in order to reconcile the accounting differences. However. Marathon has refused and continues to refuse to provide Heritage with standard accounting detail and documentation necessary for Heritage to evaluate the accounting differences.

## COUNT I – BREACH OF CONTRACT

16.     Plaintiff adopts and incorporates the preceding paragraphs as if fully restated herein.

17.     Pursuant to an open account or existing agreements, express or implied (collectively, the "Agreements"), Heritage is an interest owner in each of the Subject Wells.

18.     All of the Subject Wells are operated by Marathon.

19.     As an interest owner, Heritage is entitled to its proportionate share of hydrocarbon production from the Subject Wells.

20.     Heritage has demanded payment under the Agreements, but Marathon has not paid the amounts due and owing.

21.     As a direct, proximate, and foreseeable result of Marathon's material breach of the Agreements, Heritage has suffered damages in excess of $75,000.00.

## COUNT II – UNJUST ENRICHMENT

22.     Plaintiff adopts and incorporates the preceding paragraphs as if fully restated herein.

23.     Marathon wrongfully and inequitably derived financial benefits from Heritage, via the payments made by Heritage for proportionate shares of well costs and the subsequent withholding of production revenue related to the Subject Wells.

24.     Marathon knowingly accepted those financial benefits from Heritage.

25.     Marathon's retention of those financial benefits, at Heritage's expense, is unjust, unfair, inequitable, and not in good conscience, and Marathon has been unjustly enriched to the detriment of Heritage.

26.     Heritage has suffered damages in the amount equal to the benefits conferred, and Marathon should be disgorged of its inequitable financial benefits.

27.    This Court should impose a constructive trust under the doctrine of unjust enrichment.

## COUNT III – ACCOUNTING

28.    Plaintiff adopts and incorporates the preceding paragraphs as if fully restated herein.

29.    As operator of the Subject Wells, Marathon has possession of financial records relating to financial benefits it received and retained at Heritage's expense.

30.    Marathon has failed and/or refused to properly account to Heritage despite Heritage's multiple written demands.

31.    The District Court has authority to require an accounting by Marathon, and to compel them to appear and render such an accounting. The request for accounting may be brought by Heritage and the District Court has authority to require an accounting by said Defendant.

32.    Heritage hereby demands a full, detailed and immediate accounting from Marathon of: (i) all production from each of the Subject Wells, (ii) all revenue that has been paid to Heritage; (iii) all revenue attributable to Heritage's interest in the Subject Wells that has been withheld by Marathon; (iv) all costs attributable to each of the Subject Wells; and (v) all payments received from Heritage attributable to each of the Subject Wells.

33.    Plaintiff hereby further demands the full, detailed, and immediate disclosure from Defendant of all information, contracts, invoices, and other data justifying: (i) the production Marathon attributes to each of the Subject Wells. (ii) the revenue that has been paid to Heritage; (iii) the withholding of revenue attributable to Heritage's interest in the Subject Wells; (iv) the costs attributable to each of the Subject Wells; and (v) the payments Marathon claims to have received from Heritage attributable to each of the Subject Wells.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Heritage prays for judgment as follows:

i.      For an award of damages in an amount to be proven at trial, in excess of $75,000.00,
as a result of Marathon's breach of the Agreements.

ii.     For disgorgement and/or a constructive trust of Marathon's ill-gotten gains.

iii.    For an accounting by Marathon for all hydrocarbon production from the Subject
Wells, all revenue that has been paid to Heritage, all revenue attributable to Heritage's interest in
the Subject Wells that has been withheld by Marathon, all costs attributable to each of the Subject
Wells, and all payments received from Heritage attributable to each of the Subject Wells.

iv.     For the Court to impress a constructive trust upon revenue earned by Marathon
from the Subject Wells from and after October 1, 2020, in order to prevent Marathon from being
unjustly enriched.

v.      For an award of attorneys' fees and costs that Heritage has incurred as a result of
Marathon's breach of the Agreements.

vi.     For an award of interest pursuant to Okla. Stat. tit 52 § 570.10.

vii.    Punitive damages to deter such future conduct, and

viii.   All such other relief as the Court deems proper, just, and equitable.

JURY TRIAL DEMANDED.

Respectfully submitted,

Eric L. Combs, OBA No. 31024
Will T. Jordan, OBA No. 31919
LYTLE SOULÉ & FELTY, P.C.
119 N. Robinson, Suite 1200
Oklahoma City, OK 73102

Tel: (405) 235-7471
Fax: (405) 232-3852
combs@lytlesoule.com
jordan@lytlesoule.com

**ATTORNEYS FOR PLAINTIFF**

**Exhibit 1**

| Well Name | API |
|-----------|-----|
| WINTER CREEK 0606 1-25-24MXH | 35051241820000 |
| MCCABE BR 1409 1-3-34MXH | 35017250510000 |
| IVA O MCCABE 1409 1-3-34WXH | 35017250550000 |
| MEYER 1406 2-4MH | 35017248340000 |
| HRDY 1-11MH | 35017249210000 |
| BLACKJACK 1607 1-23MH | 35073252460000 |
| EDEN 1308 1-4MH | 35017249890000 |
| FUNK 1307 1-36MH | 35017248860000 |
| SIEGRIST 1307 1-9WH | 35017248320000 |
| PEGGY 1-33H | 35137271750000 |
| MEYER 1406 1-4WH | 35017247600000 |
| STRACK 1-2-11XH | 35011236340000 |
| TAN 1509 9-4MH | 35073255480000 |
| WILLIAMS 1607 1-24MH | 35073251090000 |
| SIEGRIST 1307 2-9MH | 35017251050000 |
| TAN 1509 1-4-33MXH | 35073253090000 |
| ZUM MALLEN 1307 1-21WH | 35017248770000 |
| ZUM MALLEN 1307 2-21MHA | 35017250160000 |
| TAN 1509 3-4-33MXH | 35073255450000 |
| WILE E COYOTE 1607 1-2MH | 35073252370000 |
| TAN 1509 2-4-33MXH | 35073255440000 |
| SIEGRIST 1307 4-9MH | 35017251280000 |
| TAN 1509 7-4-33MXHA | 35073256650000 |
| TAN 1509 4-4-33MXH | 35073255460000 |
| OYLER 1307 2-24MH | 35017248620000 |
| SIEGRIST 1307 1-9MH | 35017251240000 |
| HUNT 1307 1-29-20WH | 35017248800000 |
| TAN 1509 5-4-33MXH | 35073255470000 |
| MOELLER 1408 1-16MH | 35017248920000 |
| PORTER 1307 2-22MH | 35017248740000 |
| KARSON KONNER 1609 1-21-28MXH | 35073254700200 |
| TAN 1509 6-4-33MXH | 35073255500000 |
| SIEGRIST 1307 3-9WH | 35017251270100 |
| BARBARA BRAND 1-6H | 35051238900000 |

| | |
|---|---|
| TAN 1509 8-4-33MXH | 35073255510000 |
| SIEGRIST 1307 3-9MH | 35017251250100 |
| ISAAC TAYLOR 0606 2-15-10WXH | 35051240720100 |
| PORTER 1307 1-22WH | 35017248510000 |
| KEM RANCH 1-24-25XH | 35051240480000 |
| LOREN BROWN 1-26XH | 35051237600000 |
| BRAND 1-30XH | 35051237530000 |
| EVE 1506 4-17MHA | 35073256440001 |
| LANCE 1-36H | 35137272490000 |
| SIEGRIST 1307 2-9WH | 35017251260000 |
| REEVES 1-9XH | 35051238290000 |
| WINTER CREEK 1-25XH | 35051237270000 |
| EVE 1506 6-17MH | 35073256160000 |
| MOFFAT 1406 1-2MH | 35073250950000 |
| EVE 1506 1-17MH | 35073250000000 |
| EVE 1506 5-17MH | 35073256150000 |
| RUTHIE 1609 1-15-22MXH | 35073254560000 |
| KNAPP FAMILY 1-2H | 35011235710000 |
| ISAAC TAYLOR 1-15H | 35051237160000 |
| EVE 1506 2-17MH | 35073256120001 |
| BARLOW 1305 1-18MH | 35017249630000 |
| BEECHER 1607 1-11MH | 35073251160000 |
| HATFIELD RANCH 1-1H | 35051238540000 |
| HAYS 1-1H | 35137271670000 |
| J&M BIA 1510 1-30MH | 35011238520000 |
| DAVENPORT RANCH 1-28H | 35137270140000 |
| DAVENPORT RANCH 1-31H | 35137273020000 |
| ELY 1-12H | 35137271290000 |
| MCCLOUD 0304 1-6SH | 35049252920000 |
| LESLIE 1-7H | 35137271700000 |
| MACH 1206 1-3MH | 35017249950000 |
| REDMAN BIA 1-28H | 35011237960100 |
| MARJORIE 1-25XH | 35011235690000 |
| STRAIN 1-24H | 35137272450000 |
| STARFOX 0304 1-7-6SXH | 35049252980000 |
| SAVAGE 1306 1-1MH | 35017248490000 |
| CAMPBELL 0304 1-6WH | 35049252950000 |
| RUTHIE 1609 5-15-22MXH | 35073261330000 |
| RUTHIE 1609 6-15-22MXH | 35073261340000 |
| POST 1706 1-30MH | 35073252430000 |
| RUTHIE 1609 4-15-22MXH | 35073261260000 |
| COLLINS 0404 1-31-30WXH | 35049252910000 |
| MIKE STROUD BIA 1509 5-28-33MXH | 35073261930000 |

| | |
|---|---|
| RUTHIE 1609 3-15-22MXH | 35073261240000 |
| MIKE STROUD BIA 1509 7-28-33MXH | 35073261900000 |
| MIKE STROUD BIA 1509 6-28-33MXH | 35073261910000 |
| MIKE STROUD BIA 1509 3-28-33MXH | 35073261720000 |
| MIKE STROUD BIA 1509 2-28-33MXH | 35073261710000 |
| MIKE STROUD BIA 1509 4-28-33MXH | 35073261920000 |
| MIKE STROUD BIA 1509 1-33MH | 35073261940000 |
| RUTHIE 1609 7-15-22MXH | 35073261350000 |
| MIKE STROUD BIA 1509 1-28-33MXH | 35073261700000 |
| IRVEN JOHN 1710 3-34-27MXH | 35011239270000 |
| IRVEN JOHN 1-27XH | 35011235630000 |
| MARJORIE 1710 3-25-36MXH | 35011241710000 |
| ELY TRUST 1-2H | 35137272500000 |
| MOELLER 1408 1-21MH | 35017248930000 |
| IRVEN JOHN 1710 4-34-27MXH | 35011239280000 |
| MARJORIE 1710 2-25-36MXH | 35011241700000 |
| HARRISON 1-31H | 35051236610000 |
| MARJORIE 1710 4-25-36MXH | 35011241720000 |
| IRVEN JOHN 1710 2-34-27MXH | 35011239760000 |
| DUNN 1-14XH | 35051237300000 |
| WHITE 1607 1-130H | 35073256690000 |
| MICHELLE ABEL 1-11-2XH | 35051240370000 |
| SCOUT 1-20H | 35051238590000 |
| STARFOX 0304 2-7-6SXH | 35049252930000 |